```
              UNITED STATES DISTRICT COURT
              EASTERN DIVISION OF MISSOURI
                    EASTERN DIVISION
```

STANLEY C. COLLINS,            )
                               )
         Plaintiff,            )
                               )    No.  4:05CV01238 FRB
                               )
v.                             )
                               )
CENTRAL TRANSPORT, INC.,       )
                               )
         Defendant.            )

## MEMORANDUM AND ORDER

Presently pending before the Court is the motion of defendant Central Transport, Inc., ("defendant") to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Docket No. 45/filed October 16, 2006.) All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I.   Background**

The following facts are not in dispute. At all times relevant to this case, plaintiff Stanley C. Collins ("plaintiff") was an over-the-road tractor trailer operator employed by Charlotte Express, Inc. ("Charlotte")[1] (Plaintiff's Petition, Docket No. 1 at pages 5-6.) On January 3, 2005, plaintiff transported defendant's loaded semi-trailer from defendant's terminal in St. Louis,

---

[1]Charlotte is a subsidiary of Express Companies, Inc.

Missouri to its terminal in Memphis, Tennessee. Id. at page 6. Included in the freight inside the trailer was a large tractor tire. Id. When plaintiff arrived at the Memphis terminal and opened the trailer's doors, the tire allegedly fell and struck plaintiff, injuring him. Id. at page 5.

On January 25, 2005, plaintiff filed a Claim for Compensation with the Missouri Division of Workers' Compensation against defendant and naming defendant as his employer, but later amended his Claim to proceed against Charlotte instead. (Docket No. 46 at pages 1-4.) In his amended Claim, plaintiff alleged that he sustained his injuries "in the course and scope of his employment as an over the road tractor trailer driver". Id. Pursuant to his amended Claim for Compensation, Charlotte paid plaintiff's medical bills and temporary total disability benefits pursuant to the workers' compensation law. (Deposition of Stanley C. Collins, Docket No. 46-2 at page 7.)

Plaintiff also filed this negligence action against defendant in the Circuit Court of the City of St. Louis, alleging that defendant's employees failed to properly secure the tire when they loaded the trailer, and that such failure was the proximate cause of plaintiff's injuries. (Docket No. 1-1.) Defendant subsequently removed the matter to this Court, pursuant to diversity jurisdiction. (Docket No. 1/filed August 9, 2005.)

Defendant now moves for dismissal, claiming that this Court lacks subject matter jurisdiction. Specifically, defendant

argues that, because plaintiff was defendant's "statutory employee", plaintiff is limited to workers' compensation as his exclusive remedy. In response, plaintiff argues that, because there exists no evidence of a written, oral, express or implied contract between either defendant and Charlotte or defendant and plaintiff, it cannot be proven that he was defendant's statutory employee, and the workers' compensation exclusivity provision is therefore inapplicable.

**II. Legal Analysis**

Because this matter is before this Court pursuant to diversity jurisdiction, Missouri law applies. <u>Erie R. Co. v. Tompkins</u>, 304 U.S. 64 (1938) (federal court sitting in diversity must apply the forum state's substantive law, and federal procedural law); <u>see also</u> <u>Winthrop Resources Corp. v. Stanley Works</u>, 259 F.3d 901, 904 (8th Cir. 2001).

Pursuant to Missouri's Workers' Compensation Act, employers are immune from common law actions arising out of an employee's accidental injury while in the course of employment. Mo. Rev. Stat. § 287.120. "Once the employer, the employee and the accident fall under the Workers' Compensation Law, the case is cognizable by the Labor and Industrial Relations Commission and the Commission's jurisdiction is original and exclusive." <u>State ex rel. J.E. Jones Construction Company v. Sanders</u>, 875 S.W.2d 154, 156 (Mo. Ct. App. 1994) (citing <u>Parmer v. Bean</u>, 636 S.W.2d 691, 693

(Mo. Ct. App. 1982)).

A defendant properly raises the defense of workers' compensation exclusivity via a motion to dismiss for lack of subject matter jurisdiction, and the favored approach in Missouri is to resolve any doubts regarding jurisdiction in favor of the Labor and Industrial Relations Commission. Vatterott v. Hammerts Iron Works, Inc., 968 S.W.2d 120, 121 (Mo. banc 1998); see also Sanders, 875 S.W.2d at 156-57 (citing Shaver v. First Union Realty Management, Inc., 713 S.W.2d 297, 299 (Mo. Ct. App. 1986)). More specifically, the court should grant a motion to dismiss for lack of subject matter jurisdiction whenever it "appears" that the court lacks such jurisdiction. Sanders, 875 S.W.2d at 157.

> "As the term "appears" suggests, the quantum of proof is not high. It must appear by a mere preponderance of the evidence that the court is without jurisdiction. (citation omitted.) The movant will not be required to show by unassailable proof that there is no material issue of fact because the trial court decides only the preliminary question of its own jurisdiction, which is not a decision on the merits and is without res judicata effect."

Id. (citing Parmer, 636 S.W.2d at 694-96.)

In the case at bar, defendant argues that the workers' compensation exclusivity provision applies and bars this Court's jurisdiction because plaintiff was defendant's "statutory employee". Statutory employment is a constructive relationship created by Mo. Rev. Stat. § 287.040. See Montgomery v. Mine La Motte Corporation, 304 S.W.2d 885, 888 (Mo. 1957). Section

287.040(1) provides that "[A]ny person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an "employer" for purposes of the workers' compensation law.[2] Mo. Rev. Stat. 287.040(1). Where the statutory employer-employee relationship exists, the Workers' Compensation Act applies, and a common law suit is barred. Brown v. Gamble Construction Company, Inc., 537 S.W.2d 685, 688 (Mo. Ct. App. 1976). Absent such relationship, the common law action of negligence, if shown, is available as a remedy to the injured person. Wilson v. Hungate, 434 S.W.2d 580, 582 (Mo. 1968).

A finding of statutory employment requires the presence of three elements: (1) the work was being performed pursuant to a contract; (2) the injury occurred on or about the premises of the alleged statutory employer; and (3) when injured, the alleged

---

[2]Section 287.040 also contains the following exception to the "statutory employer/employee" provision:

> The provisions of this section shall not apply to the owner of premises upon which improvements are being erected, demolished, altered or repaired by an independent contractor but such independent contractor shall be deemed to be the employer of the employees of his subcontractors and their subcontractors when employed on or about the premises where the principal contractor is doing work.

Under Missouri law, a party asserting an affirmative defense must also plead the inapplicability of any exceptions contained within the same section of the statute. Huff v. Union Elec. Co., 598 S.W.2d 503, 514-515 (Mo. Ct. App. 1980). Defendant, in its memorandum in support of its motion, notes that § 287.040(3) is obviously inapplicable to the present factual situation. The undersigned agrees, inasmuch as the record contains no evidence supporting a finding that improvements of any kind were underway upon defendant's property during the time in question. The undersigned further notes that plaintiff, in his responsive memorandum, makes no mention of this issue.

statutory employee was performing work which was in the usual course of business of the alleged statutory employer. McDonald v. Bi-State Development Agency, 786 S.W.2d 201, 203 (Mo. Ct. App. 1990); Mo. Rev. Stat. § 287.040(1).

Plaintiff argues that because defendant cannot prove the existence of a contract between itself and Charlotte, the first element cannot be proven, and there was therefore no statutory employment relationship between plaintiff and defendant. Plaintiff emphasizes the fact that there was no written instrument of any kind evidencing an agreement between defendant and Charlotte. Plaintiff disputes only the contractual element of statutory employment, and makes no attempt to establish the absence of the remaining two elements by arguing that his alleged injury occurred away from defendant's premises, or that the work he was performing when allegedly injured was not in the usual course of defendant's business.

In response, defendant contends that the evidence of record establishes the existence of a contract as such is defined by Missouri law and accepted by Missouri courts as sufficient for purposes of § 287.040(1). In support of this contention, defendant submits the sworn affidavit and the deposition testimony of Mr. Kyle Blain, Director of Contractor Relations for defendant. In his affidavit, Mr. Blain stated that the load plaintiff transported had been "dispatched" by defendant to plaintiff as an employee of Charlotte. (Affidavit of Kyle Blain, Docket No. 46-3 at page 1.)

Mr. Blain defined "dispatching" as the assignment of the over-the-road transport of the loaded semi-trailer to Charlotte pursuant to a contract between itself and Charlotte that called for Charlotte to provide over-the-road transportation. Id. Mr. Blain further stated that it was defendant's common practice to contract for the transport of freight via oral agreement without a written contract. Id. at page 2. Similarly, in his videotaped deposition, Mr. Blain testified that plaintiff hauled the load in question pursuant to defendant's request of Charlotte to haul the load, and further testified that defendant paid Charlotte for transporting the load. (Deposition of Kyle Blain, Docket No. 46-6 at pages 3-4.) These facts establish, by a preponderance of the evidence, that plaintiff was working pursuant to a contract when he was allegedly injured.

Missouri courts have consistently held that the word "contract" in § 287.040(1) should be interpreted broadly to include those contracts which are written or oral, express or implied. Sanders, 875 S.W.2d at 157. In Sanders, the Missouri Court of Appeals addressed the issue of whether, in the absence of a written agreement, there existed a contract for purposes of § 287.040(1) between Relator, a developer of a suburb, and Gerau, a painting company. Sanders, 875 S.W.2d 154. In finding the existence of a contract for purposes of § 287.040(1), the court noted that § 287.040(1) did not require the presence of a written agreement, and that 'the manifestation of acceptance of an offer need not be made by the spoken or written word; it may also come through the

offeree's conduct. . .'". Sanders, 875 S.W.2d at 157 (citing E.A.U. Inc. v. R. Webbe Corp., 794 S.W.2d 679, 686 (Mo. Ct. App. 1990)). The court noted that Relator's affidavits disclosed that Relator routinely accepted or declined proposals from vendors like Gerau informally and without the benefit of a written instrument. Sanders, 875 S.W.2d at 157. The court further noted that it was undisputed that Gerau indeed performed the painting project for Relator, and received payment for the work. Id. Finally, the court noted the plaintiff's testimony that he had worked at the subdivision for six to eight months before being injured, that Gerau was engaged in painting 15 houses at the time, and that plaintiff was acting as foreman of the job. Id.

In the case at bar, defendant has established via affidavit and deposition testimony that it routinely dispatched loads without the benefit of a written agreement, that it was in this manner that the load in question was dispatched, and that defendant paid Charlotte for transporting the load. Furthermore, it is undisputed that plaintiff indeed completed the work of transporting the load from St. Louis to Memphis. In addition, the undersigned notes that plaintiff worked for Charlotte for approximately eleven months preceding the accident, and further notes plaintiff's deposition testimony that he was aware that the load he transported on January 5, 2005 was a Central Transport load and that, as an employee of Charlotte, he regularly hauled Central Transport loads. (Deposition of Stanley Collins, Docket No. 46-2,

at pages 4, 6.) The foregoing facts establish by a preponderance of the evidence that plaintiff was performing work pursuant to a contract within the meaning of § 287.040(1), and the absence of a written contract is irrelevant. See Sanders, 875 S.W.2d 154.

Because a statutory employee-employer relationship existed between plaintiff and defendant, and plaintiff's injury arouse out of and in the course of such employment, plaintiff's exclusive remedy is under the Missouri Workers' Compensation Law, and this Court lacks subject matter jurisdiction. Id. at 156-57; Mo. Rev. Stat. § 287.120.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion of defendant to dismiss for lack of subject matter jurisdiction (Docket No. 45/filed October 16, 2006) is granted.

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of April, 2007.